IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TAVON PARTLOW,

    Plaintiff,

v.                                         Civil Action No.: CCB-19-1048

R. ACEVEDO,
HAVRE DE GRACE POLICE DEPT.,
SHANNON SCOTT,
SARAH ROTHWELL,

    Defendants.

## MEMORANDUM

On April 8, 2019, Plaintiff Tavon Partlow filed this civil rights suit alleging that his First and Fourteenth Amendment rights were violated when he was charged and arrested for second-degree assault in connection with an incident involving his sons. ECF No. 1. Defendants Rosa Acevedo, formerly a police officer with the Havre De Grace Police Department, and the Havre de Grace Police Department filed a motion to dismiss or, in the alternative, for summary judgment. ECF No. 27. Mr. Partlow was advised of his right to file an opposition response and of the consequences of failing to do so but has not opposed the motion. ECF No. 31. No hearing is necessary for resolution of the matters pending. *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, defendants' motion, construed as a motion for summary judgment, shall be granted.

## BACKGROUND

### A. Complaint Allegations

Mr. Partlow states that on August 18, 2018, he picked up his two sons from their mother's house with plans to celebrate his younger son's tenth birthday. ECF No. 1 at 4. As his sons walked

out of the house, Mr. Partlow noticed that his younger son was acting strangely. *Id.* at 4-5. When he asked what was going on, his older son eventually admitted giving his little brother four times the dose of medication his brother had been prescribed because he was "hyper." *Id.* at 5. Mr. Partlow admits that he resorted to corporal punishment in dealing with his sons over the incident, but maintains he had a right to do so under Maryland law because he did not harm his sons physically or emotionally. *Id.* He claims that neither of his sons were physically harmed, and "[t]hey didn't even cry." *Id.* at 6. According to Mr. Partlow, the entire criminal case against him was based on video surveillance "that could've been altered." *Id.* Mr. Partlow defends the actions he took and states he was simply doing his job as a parent. *Id.* In his view, his arrest and subsequent criminal prosecution violates his right to equal protection under the law as guaranteed by the Fourteenth Amendment. *Id.* He also states that "It is my 1st Amendment [sic] to practice my religion." *Id.* As relief, Mr. Partlow seeks monetary damages. *Id.* at 7.

**B.     Defendants' Response**

On August 20, 2018, former Harford County Police Officer Rosa Acevedo was dispatched to Stansbury Court in Havre De Grace, Maryland to meet with Shannon Scott[1] regarding her report of an assault on two minor children. ECF No. 27-3 at 2, ¶ 3. After she arrived, Officer Acevedo reviewed a video recording shown to her by Ms. Scott depicting an adult male striking his two minor children. *Id.* at ¶ 4. Plaintiff was later identified as the adult male and the children involved were his two minor sons. *Id.*

Officer Acevedo describes the video as depicting Mr. Partlow exiting a grey or silver minivan and, shortly thereafter, an unidentified woman and his two sons exited the minivan. ECF

---

[1]     Ms. Scott had received a phone call from a man who wished to remain anonymous advising her to review surveillance videos from August 18, 2018 because "a kid had been assaulted by a man at the parking lot across [from] the main office." ECF No. 27-4 at 3.

2

No. 27-3 at 2, ¶ 4. Mr. Partlow is then seen grabbing the smaller of the two boys in a headlock and "spanking him several times." *Id.* Shortly thereafter, Mr. Partlow is seen punching his older child multiple times in the side of his head and torso, while the child attempted to avoid the punches. *Id.*

Defendants have provided the video recording of the incident. ECF No. 27-7 (filed separately). The court has viewed the recording and finds Officer Acevedo's description accurate. Additionally, this court notes that Mr. Partlow is not dressed in clothes that might indicate his religious preference, nor is anyone else depicted in the video dressed in a manner that would indicate a religious affiliation. *Id.*

As part of her investigation, Officer Acevedo states that she spoke with the children's mother, Sharon Holland, about the incident. ECF No. 27-3 at 3, ¶ 5. According to Ms. Holland, she was in a relationship with Mr. Partlow and had left him after he physically abused her. *Id.* Although there were no police reports documenting the alleged abuse, Ms. Holland had obtained a peace order in 2006 after receiving threats from Mr. Partlow. *Id.* Ms. Holland also informed Officer Acevedo that Mr. Partlow had access to weapons and was known to abuse drugs. ECF No. 27-3 at 3, ¶ 5. When Officer Acevedo ran a warrant check on Mr. Partlow, she discovered that he was on supervised probation. *Id.*

Officer Acevedo also spoke with Mr. Partlow's minor sons. *See* ECF No. 27-4 at 2 and 3 (Statement of Charges). The younger child told Officer Acevedo that his father had "just spanked" him and that it did not hurt. *Id.* at 4. The older child stated that his father punched him on the left side of his neck/ear and in his ribs and stomach; he claimed that the strikes hurt at the time but went away. *Id.* The children's mother checked them both for bruises or marks in the presence of Officer Acevedo but found none. *Id.* Based on Officer Acevedo's review of the video, her

interview with Ms. Holland, and her interview with the children, she filed an application for statement of charges for second-degree assault of "T.P. (13 years of age)" in the District Court for Harford County, Maryland. ECF No. 27-3 at 3-4, ¶ 8, ECF No. 27-4 at 2.

Mr. Partlow stood trial on the charges and was found not guilty. ECF No. 16. When the instant complaint was filed with this court, Mr. Partlow had not yet stood trial and the case was stayed pending resolution of the criminal case. ECF No. 3. The stay was lifted on March 9, 2022. ECF No. 18.

## STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

Rule 56(a) provides that summary judgment should be granted "if the movant shows that there is no *genuine* dispute as to any *material* fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphases added). "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly

supported motion for summary judgment[.]" *Anderson*, 477 U.S. at 247–48 (emphasis in original). The court must view the evidence in the light most favorable to the nonmoving party, *Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014) (per curiam) (citation and quotation omitted), and draw all reasonable inferences in that party's favor, *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citations omitted); *see also Jacobs v. NC. Admin. Office of the Courts*, 780 F.3d 562, 568–69 (4th Cir. 2015). At the same time, the court must "prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)).

## ANALYSIS

Defendants assert that Mr. Partlow has failed to state a claim for violation of his First Amendment right to free exercise of his religion; failed to allege any facts to support his claim that he was charged because of his faith or his race; and has failed to allege viable State law claims of intentional infliction of emotional distress, false arrest, malicious prosecution, and alienation of affection or deprivation of familial association. ECF No. 27-1. Additionally, defendants assert that Officer Acevedo is entitled to avail herself of a qualified immunity defense.

### A. Havre de Grace Police Department

Other than naming the Havre de Grace Police Department in the caption of his complaint, Mr. Partlow fails to describe any viable theory of liability with respect to this defendant. To the extent the police department is named because it employed Officer Acevedo as well as the officer who eventually arrested Mr. Partlow, the employment relationship is not enough to impute liability to this defendant. It is well established that the doctrine of *respondeat superior* does not apply in § 1983 claims. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (no *respondeat superior* liability under § 1983). Liability of supervisory officials "is not based on ordinary

5

principles of *respondeat superior*, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)). Here, however, Mr. Partlow has not named a supervisory official as a defendant, nor has he stated any basis on which the police department itself could be liable. (ADD FOOTNOTE HERE Mr. Partlow mentions a supervisory officer, Everett Humphrey, in the narrative section of his complaint, but does not name him as a defendant or include any factual allegations that would establish supervisory liability.) Therefore the claims against the police department must be dismissed.

**B.     First Amendment Claim**

Under Fed. R. Civ. P. 8(a), a pleading which sets forth a claim for relief, shall contain "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . " Moreover, each "allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Essential to sustaining an action under § 1983 are the presence of two elements. Specifically, the plaintiff must demonstrate that: (1) he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is the first element that is problematic in this case.

Mr. Partlow offers no explanation of how defendant Acevedo violated his right to the free exercise of his religion. The Free Exercise Clause provides that "Congress shall make no law ... prohibiting the free exercise " of religion. Amdt. 1. A plaintiff may carry the burden of proving a

free exercise violation by showing that a government entity has burdened his sincere religious practice pursuant to a policy that is not "neutral" or "generally applicable." *Kennedy v. Bremerton School District*, 142 S. Ct. 2407, 2421-22 (2022) citing *Employment Div., Dept. of Human Resources of Ore. v. Smith*, 494 U.S. 872, 879-81 (1990). Acevedo's affidavit stating that she was unaware of Mr. Partlow's religion when she filed an application for charges is undisputed. *See* ECF No. 27-1 at 3-4, ¶ 8. Nowhere in the complaint does Mr. Partlow describe a sincerely held religious belief that includes punching his son in the face and torso. Rather, he simply states that in his religion, "turning the age of 10 years old is a cause of celebration" because "[i]t's when a child is commanded to pray." ECF No. 1 at 4. There is nothing in the video recording of Mr. Partlow striking his child with his fists that indicates his actions were somehow part of a religious belief system that should not result in his arrest. ECF No. 27-7 (video). Mr. Partlow's claim that his right to free exercise of his religion was violated by defendant is a factually unsupported claim and it must be dismissed. *Bouchat, Inc.*, 346 F.3d at 526.

C. **Equal Protection Claim**

The Equal Protection Clause is "essentially a direction that all persons similarly situated should be treated alike." *Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (citation omitted). To state a claim under the Equal Protection Clause, "a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). Discriminatory intent may be shown by circumstantial evidence, such as statements revealing a defendant's attitude toward someone of a particular race, *Mullen v. Princess Anne Volunteer Fire Co., Inc.*, 853 F.2d 1130, 1133 (4th Cir.

1988), or evidence of prior discriminatory practices, *Wyatt v. Sec. Inn Food & Beverage, Inc.*, 819 F.2d 69, 71 (4th Cir. 1987).

Mr. Partlow's Equal Protection claim suffers the same pleading deficiency found in his First Amendment claim. He fails to allege or explain how he was treated differently from others because of his religion, race, or other suspect classification; he simply claims that he was profiled as a Muslim. ECF No. 1 at 7. Additionally, Mr. Partlow has not disputed defendant Acevedo's affidavit stating that her application for charges against him were based solely on her "discussions with Mr. Partlow's sons and [her] review of the video, which showed him repeatedly punching his older son." ECF No. 27-1 at 3-4, ¶ 8.

To the extent that Mr. Partlow believes he was improperly charged with second-degree assault because he did not injure his child emotionally or physically, his claim is simply a disagreement with the decision to arrest and prosecute him. The propriety of that decision was tested in the merits trial for the criminal charge and Mr. Partlow was exonerated. The fact that a jury returned a not guilty verdict does not, however, equate to a constitutional violation in connection with the decision to arrest Mr. Partlow. Absent any discernible discriminatory intent, the arrest alone does not amount to an equal protection violation and the claim must be dismissed.

**D.    State law claims**

Mr. Partlow lists State law causes of action in his complaint such as, intentional infliction of emotional distress, alienation of affection, deprivation of familial association, defamation, and false arrest. ECF No. 1 at 7. He does not provide a factual narrative supporting any of these claims. As such, the claims do not comply with the basic pleading requirements of Fed. R. Civ. P. 8(a)(2), which requires a short and plain statement of the claim showing that the pleader is entitled to relief. Simply naming various causes of action without describing the conduct on which they

are based does not amount to a short and plain statement that would lead anyone to believe Mr. Partlow is entitled to relief. These claims accordingly will be dismissed.

### E. Remaining Defendants

Mr. Partlow also named Shannon Scott, and Sarah Rothwell as defendants. ECF No. 1 at 1. Mr. Partlow identifies Shannon Scott as the property manager who alerted police about the video of Mr. Partlow punching his son and Sarah Rothwell as an employee of Child Protective Services. *Id.* Other than identifying these two defendants, Mr. Partlow fails to allege any wrongful conduct as to either of them. However, even if Mr. Partlow had alleged that Ms. Scott and Ms. Rothwell violated his constitutional rights, the claims would fail for the same reasons noted above. The claims against Ms. Scott and Ms. Rothwell shall be dismissed.[2]

## CONCLUSION

For the reasons stated herein, defendants' motion to dismiss or for summary judgment is granted. A separate order follows.

____9/2/22____  
Date

____CCB____  
Catherine C. Blake  
United States District Judge

---

[2] Mr. Partlow filed this complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a Complaint, the factual allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). The claims against Ms. Scott and Ms. Rothwell are dismissed pursuant to this standard.